WILLARD K. TOM
General Counsel
ROBERT J. SCHROEDER
Regional Director
MAXINE R. STANSELL, WA BAR # 9418
mstansell@ftc.gov
KATHRYN C. DECKER, WA BAR # 12389
kdecker@ftc.gov
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174
(206) 220-4474 (Stansell)
(206) 220-4486 (Decker)
(206) 220-6366 (fax)
Local Counsel:
BARBARA CHUN, CA Bar # 186907
bchun@ftc.gov
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
(310) 824-4312 (voice); (310) 824-4330 (fax)
ATTORNEYS FOR PLAINTIFF

**FILED**

2012 SEP 18 AM 10: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

AMERICAN MORTGAGE CONSULTING GROUP, LLC, a California Limited Liability Company, also d.b.a. American Mortgage Group and American Mortgage Consulting;

HOME GUARDIAN MANAGEMENT SOLUTIONS, LLC, a California Limited Liability Company, also d.b.a. Home Guardian Solutions; and

MARK NAGY ATALLA, d.b.a. Home Guardian Solutions, Home G Solutions Firm, and Home G Solutions Group,

Defendants.

Case No.   **SACV12 - 01561 DOC (JPRx)**

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

[FILED UNDER SEAL]

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1.   The FTC brings this action under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the 2009 Omnibus Appropriations Act, Pub. L. No. 111-8, § 626, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and Disclosure Act of 2009, Pub. L. No. 111-24, § 511, 123 Stat. 1734, 1763-64 (May 22, 2009) ("Credit Card Act"), and amended by the Dodd-Frank Wall Street Reform and Consumer Financial Protection Act of 2010, Pub. L. No. 111-203, § 1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank Act"), 12 U.S.C. § 5538, to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Mortgage Assistance Relief Services Rule, 16 C.F.R. Part 322 ("MARS Rule"), recodified as Mortgage Assistance Relief Services, 12 C.F.R. Part 1015 ("Regulation O"), in connection with the marketing and sale of mortgage assistance relief services ("MARS").

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345; 15 U.S.C. §§ 45(a), 53(b), and 57b; and Section 626 of the Omnibus Act, as clarified by Section 511 of the Credit Card Act, and amended by Section 1097 of the Dodd-Frank Act, 12 U.S.C. § 5538.

3.   Venue in the Central District of California is proper under 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

## PLAINTIFF

4.   The FTC is an independent agency of the United States Government created by statute.  15 U.S.C. §§ 41-58.  The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.  Pursuant to Section 626 of the Omnibus Act, as clarified by Section 511 of

the Credit Card Act, the FTC has the authority to enforce Regulation O, originally promulgated as the Mortgage Assistance Relief Services Rule, 16 C.F.R. Part 322, which, among other things, requires MARS providers to make certain disclosures, and prohibits MARS providers from making certain representations and from collecting a fee in advance of the consumer's acceptance of mortgage assistance relief obtained by the MARS provider.  Section 1097 of the Dodd-Frank Act, 12 U.S.C. § 5538, transferred rulemaking authority over the MARS Rule to the Consumer Financial Protection Bureau, which recodified the Rule from 16 C.F.R. Part 322 to 12 C.F.R. Part 1015, effective December 30, 2011, and designated it "Regulation O."  Pursuant to Section 1097 of the Dodd-Frank Act, 12 U.S.C. § 5538, the FTC retains authority to enforce the MARS Rule and Regulation O.

5.     The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act; the Omnibus Act, as clarified by the Credit Card Act and amended by the Dodd-Frank Act; the MARS Rule; and Regulation O, and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.  15 U.S.C. §§ 53(b), 56(a)(2)(A)-(B), and 57b; and Omnibus Act § 626, 123 Stat. at 678, as clarified by Credit Card Act § 511, 123 Stat. at 1763-64, and amended by Dodd-Frank Act § 1097, 124 Stat. at 2102-03, 12 U.S.C. § 5538.

## DEFENDANTS

6.     Defendant American Mortgage Consulting Group, LLC ("American Mortgage"), is a California limited liability company.  Its registered address is 1000 Bristol Street North, Suite 17-135, Newport Beach, California 92660.  It also uses the addresses 1280 Bison Avenue Suite B-930, Newport Beach, California 92660, 3857 Birch Street, Suite 313, Newport Beach, California 92660, and 2967 Michelson Drive # G620, Irvine, California 92612.  Defendant American Mortgage does business as

American Mortgage Consulting and American Mortgage Group and transacts or has transacted business in this district and throughout the United States.

7.    Defendant Home Guardian Management Solutions, LLC ("Home Guardian"), is a California limited liability company.  Its registered address is 1280 Bison Avenue, Suite B-9, Newport Beach, California, 92660.  It also uses Suite B-930 at the same street address, as well as the address 1000 Bristol Street North, Suite 17-135, Newport Beach, California 92660.  Defendant Home Guardian does business as Home Guardian Solutions and transacts or has transacted business in this district and throughout the United States.

8.    Defendant Mark Nagy Atalla ("Atalla"), acting alone or in concert with others, has formulated, directed, controlled, had the authority to control, or participated in the acts or practices set forth in this Complaint.  Defendant Atalla is an officer, owner, and/or principal of Defendants American Mortgage and Home Guardian.  He is or has been the signatory on bank accounts in the names of the corporate Defendants, into which consumer funds are deposited.  He also does business as Home Guardian Solutions, Home G Solutions Firm, and Home G Solutions Group, and has been the signatory on a bank account under the name Mark N. Atalla d.b.a. Home G Solutions Firm.  Defendant Atalla pays for telephone service to numbers used by Defendants American Mortgage and Home Guardian to market and sell mortgage assistance relief services to consumers.  Defendant Atalla resides in and transacts or has transacted business in this District and throughout the United States.

9.    From at least March 2011 until approximately January 2012, Defendants Home Guardian and Atalla have marketed and sold mortgage assistance relief services to consumers nationwide.  Since approximately January 2012, Defendants American Mortgage and Atalla have marketed and sold mortgage assistance relief services to consumers nationwide.

10.    Defendants American Mortgage and Home Guardian have operated as a common enterprise while engaging in the unlawful acts and practices alleged below.

1   Defendants American Mortgage and Home Guardian have had common ownership,
2   business functions, and employees, and have commingled corporate funds.  Defendant
3   Atalla is a signatory on all bank accounts in either corporate name.  When accounts in
4   the name of Defendant Home Guardian were closed, Defendant American Mortgage
5   continued making monthly payments to many of the same payees who had received
6   monthly payments from Defendant Home Guardian.  Both companies have used the
7   same address on Bristol Street North in Newport Beach, California.  Both companies
8   received telephone service under the same account.  Because Home Guardian and
9   American Mortgage have operated as a common enterprise, each of them is jointly and
10  severally liable for the acts and practices alleged below.  Defendant Atalla has
11  formulated, directed, controlled, had authority to control, or participated in the acts and
12  practices of American Mortgage and Home Guardian.

**SUMMARY OF COMPLAINT**

13
14  11.   Since at least early 2011, Atalla and his companies, American Mortgage
15  and Home Guardian, have engaged in an ongoing, unlawful mortgage relief scheme that
16  preys on financially distressed homeowners nationwide by falsely promising loan
17  modification in exchange for an advance fee.  Defendants attract distressed homeowners
18  via phone calls, deceptively promising substantial relief from unaffordable mortgages
19  and foreclosures.  Defendants promise a substantial reduction in the homeowners'
20  mortgage payments in exchange for an advance fee ranging from $1,495 to $4,495.
21  Rather than helping homeowners modify their mortgage loans or avoid foreclosure,
22  Defendants dupe distressed homeowners into paying thousands of dollars based on false
23  promises and misrepresentations.  Indeed, Defendants provide little, if any, meaningful
24  assistance to modify homeowners' mortgage loans or prevent foreclosure.
25  12.   During the initial calls and interactions with homeowners, Defendants
26  promise homeowners substantial reductions in mortgage payments and interest rates in
27  exchange for an upfront fee.  Defendants send contract documents to the homeowners
28  from which it appears that their savings from just a few reduced monthly payments will

exceed the amount of the Defendants' fee.  Further, Defendants make the amount of the fee seem attractive by claiming that it has been reduced by a federal government grant. Defendants also say that the vast majority of Defendants' clients obtain the modification described in the contract documents, that Defendants' prequalification procedure ensures they will receive the modification, and that if it does not come through, Defendants will fully refund the fee.

13.     Defendants also claim to be a "legal team" or "law office" that "will provide legal services" to the consumer.

14.     In reality, Defendants do little or nothing to assist consumers.  They do not make consumers' mortgage payments more affordable or help them escape foreclosure. Instead, Defendants direct consumers to avoid interactions with their lender.  Consumers who have paid Defendants' fees have suffered significant economic injury.

## COMMERCE

15.     At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## GOVERNMENT MORTGAGE ASSISTANCE

16.     Numerous mortgage lenders and servicers have offered certain borrowers the opportunity to modify loans that have become unaffordable.  Many of these loan modification programs have expanded dramatically as lenders have increased participation in the federal government's "Making Home Affordable" program, a plan to stabilize the U.S. housing market and help millions of Americans reduce their monthly mortgage payments to more affordable levels.  The Making Home Affordable program includes the Home Affordable Modification Program, in which the federal government has committed up to $75 billion to keep significant numbers of Americans in their homes by preventing avoidable foreclosures.  The mortgage assistance relief services Defendants market are not connected with the Making Home Affordable program or

affiliated or otherwise associated with, or endorsed, sponsored, or approved by, the United States Government in any way.

## DEFENDANTS' BUSINESS ACTIVITIES

17.   Defendants have diverted consumers from authentic, government-affiliated programs by engaging in a course of conduct to advertise, market, promote, offer to sell, and sell to consumers purported mortgage assistance relief services.

18.   Defendants have marketed and sold their mortgage assistance relief services to homeowners who are in financial distress, behind on their mortgage loans, or in danger of losing their homes to foreclosure.

## DEFENDANTS' REPRESENTATIONS

19.   Typically, Defendants' representatives contact consumers by telephone and inquire whether the consumers have a home mortgage that they would like to modify to reduce the monthly payment.  If a consumer indicates interest, the caller solicits information about the consumer's financial situation, telling the consumer that if he or she qualifies for a loan modification, Defendants will contact the consumer's lender and negotiate a loan modification that will reduce the interest rate significantly and reduce the monthly payment by hundreds of dollars.

20.   Within a few days after taking the consumer's "prequalification" information, Defendants typically contact the consumer again by telephone or email to congratulate the consumer on being approved for a loan modification, representing that the loan modification is virtually certain or very likely.

21.   In numerous instances, Defendants' email notifying consumers that they are "approved" also states that the forms attached to the email will "complete your modification."  These forms typically consist of (a) two authorization forms by which the consumers authorize Defendants to negotiate with their lender and debit their bank account; and (b) two contractual documents that Defendants require consumers to sign, a "Loan Approval Disclosure & Agreement" ("Loan Agreement") and a "Legal Team-Client Fee Agreement" ("Fee Agreement").  The Loan Agreement sets forth the specific

terms of the consumer's new loan, including interest rate and monthly payment.  In numerous instances, Defendants also discuss these terms with consumers by phone.

22.     Defendants tell consumers that they must pay the up-front service fee in the amount specified in both the Loan Agreement and the Fee Agreement.  In numerous instances, Defendants represent that the amount of this fee has been, or will be, reduced by the amount of a government grant that Defendants will obtain or have obtained for them, typically called a "Home Saver" grant.  Defendants create the impression that Defendants are associated with the federal government by stating that the federal government pays Defendants to help homeowners or by stating that Defendants obtain these grants from the government on consumers' behalf.  Defendants solicit a net amount from consumers (after deduction of any purported government grant) ranging from $1,495 to $4,495 per mortgage to be modified.  In some instances, Defendants contract to modify more than one mortgage and collect more than one fee.

23.     Both the Loan Agreement and the Fee Agreement refer to the consumers' fees as "Legal Fees."  In the Fee Agreement, Defendants proclaim themselves to be "a California Professional Legal Team" that "will provide legal services to" the consumer and "use its' *[sic]* best efforts to negotiate and counsel Client in Real Estate matters related to a Loan Modification of residential property."  The Fee Agreement also says that the "Legal Team" reserves the "right to associate or bring in an additional *[sic]* Attorneys/Legal Teams."  These documents are sent to consumers with a transmittal sheet stating that they are from the "Legal Department."  Emails from Defendants to consumers also refer to Home Guardian or American Mortgage as a "law office."  In fact, neither Home Guardian nor American Mortgage is a law office, and Defendants typically do not provide legal representation to consumers.

24.     In a variety of ways, Defendants assure consumers of the virtual certainty that consumers will obtain the loan modification described in the Loan Agreement.  For example, in the Loan Agreement, Defendants state, "The vast majority of our clients

1  obtain the solutions they contract for."  In the same document, Defendants assure
2  consumers that:

3        Because we pre-qualify you for a program BEFORE we accept your money we
4        both avoid loss of precious time and resources.  You can be sure that when we
5        take you on as a client we are convinced that we can get your lender to offer you a
6        solution to your problem.

7  Defendants augment these claims by telephone, telling consumers, for example, that
8  Defendants have a "track record" of successfully modifying mortgage loans or that the
9  new mortgage loan is "100% guaranteed."  These representations are bolstered by
10 Defendants' claim that they have experience and "past histories" with the consumer's
11 lender.  In some instances, Defendants' telemarketers also make oral claims that
12 Defendants are affiliated with or otherwise associated with the consumer's lender.

13       25.    Defendants also represent that consumers will receive a full refund if
14 Defendants are unable to obtain the modified loan.  Consumers rely on such statements
15 made by telephone and in the contractual documents they receive before paying
16 Defendants' fee.  For example, the Loan Agreement includes an underlined statement,
17 "The service fee is refundable in the event" that Defendants are "not able to perform as
18 listed above or perform any services that are beneficial to borrower."  The same
19 document also contains what is headed a "MONEY BACK GUARANTEE," which
20 states that when "things do not work out as all intend," Defendants will "promptly
21 provide a refund."

22       26.    In numerous instances, Defendants instruct consumers, orally and/or in
23 writing, not to communicate with their lender while Defendants are in the process of
24 negotiating the loan modification.  Defendants tell consumers to forward all
25 communications from the lender to Defendants and otherwise to ignore them.

26                              **CONSUMER EXPERIENCE**

27       27.    In numerous instances, consumers who pay fees to Defendants do not
28 obtain loan modifications or have their mortgage payments substantially reduced.

28.     In numerous instances, when consumers contact Defendants for status updates, Defendants fail to answer or return consumers' telephone calls or emails.  When consumers are able to reach Defendants, Defendants' salespersons generally assure consumers that their files are being handled.

29.     In numerous instances, consumers learn from their lenders that they have never been contacted by Defendants.  In other instances, consumers learn from their lenders that Defendants did contact the lender, but failed to follow up.

30.     In numerous instances in which consumers do not obtain loan modifications, Defendants do not provide any refunds to consumers.  Typically, Defendants provide no explanation for the failure to provide either the loan modification or a refund.

## DEFENDANTS FAIL TO MAKE THE REQUIRED DISCLOSURES

31.     Nowhere in Defendants' consumer-specific commercial communications, including telephone calls, and email messages and their attachments, do Defendants make the following disclaimers:

    a.    That the consumer may stop doing business with the Defendants at any time.  Further, that the consumer may accept or reject the offer of mortgage assistance Defendants obtain from the consumers' lender and that, if the consumer rejects the offer, the consumer does not have to pay the Defendants.  If the consumer accepts the offer, the consumer will have to pay the Defendants for their services;

    b.    That Defendants are not associated with the government, and their services are not approved by the government or the consumers' lender; and

    c.    That, even if a consumer accepts the Defendants' offer and uses the Defendants' service, the consumer's lender may not agree to change the consumer's loan.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

32.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts and practices in or affecting commerce."

33.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### Count I

34.     In numerous instances, in connection with the advertising, marketing, promoting, offering for sale, or sale of mortgage assistance relief services, Defendants have represented, directly or indirectly, expressly or by implication, that Defendants generally will obtain for consumers mortgage loan modifications that will make consumers' payments substantially more affordable.

35.     In truth and in fact, Defendants generally do not obtain for consumers mortgage loan modifications that will make consumers' payments substantially more affordable.

36.     Therefore, Defendants' representation as set forth in Paragraph 30 is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### Count II

37.     In numerous instances, in connection with the advertising, marketing, promoting, offering for sale, or sale of mortgage assistance relief services, Defendants have represented, directly or indirectly, expressly or by implication, that they will refund the consumer's fee if Defendants fail to obtain the promised mortgage loan modification.

38.     In truth and in fact, in numerous instances in which Defendants have made the representation set forth in Paragraph 33, Defendants do not refund the consumer's fee when Defendants fail to obtain the promised mortgage loan modification.

39.     Therefore, Defendants' representation as set forth in Paragraph 33 is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## THE MORTGAGE ASSISTANCE RELIEF SERVICES RULE

40.     In 2009, Congress directed the FTC to prescribe rules prohibiting unfair or deceptive acts or practices with respect to mortgage loans.  Omnibus Act § 626, 123 Stat. at 678, as clarified by Credit Card Act, § 511, 123 Stat. at 1763-64.  Pursuant to that direction, the FTC promulgated the MARS Rule, 16 C.F.R. Part 322, all but one provision of which became effective on December 29, 2010.  The remaining provision, Section 322.5, became effective on January 31, 2011.  Section 1097 of the Dodd-Frank Act, 12 U.S.C. § 5538, transferred rulemaking authority over the MARS Rule to the Consumer Financial Protection Bureau, which recodified the Rule as 12 C.F.R. Part 1015, effective December 30, 2011, and designated it "Regulation O."  The FTC retains authority to enforce the MARS Rule pursuant to Section 1097 of the Dodd-Frank Act, 12 U.S.C. § 5538.

41.     The MARS Rule and Regulation O define "mortgage assistance relief provider" as "any person that provides, offers to provide, or arranges for others to provide, any mortgage assistance relief service" other than the dwelling loan holder, the servicer of a dwelling loan, or any agent or contractor of such individual or entity. 16 C.F.R. § 322.2(j), recodified as Regulation O, 12 C.F.R. § 1015.2.

42.     Defendants are "mortgage assistance relief service provider[s]" or "provider[s]" engaged in providing "mortgage assistance relief service[s]" as those terms are defined in the MARS Rule, 16 C.F.R. § 322.2(i) and (j), recodified as Regulation O, 12 C.F.R. § 1015.2.

43.     The MARS Rule and Regulation O prohibit any mortgage assistance relief provider from requesting or receiving payment of any fee or other consideration until the consumer has executed a written agreement between the consumer and the consumer's dwelling loan holder or servicer incorporating the offer of mortgage assistance relief the

provider obtained from the consumer's dwelling loan holder or servicer.  16 C.F.R. § 322.5(a), recodified as 12 C.F.R. § 1015.5(a).

44.     The MARS Rule and Regulation O prohibit any mortgage assistance relief service provider from representing, expressly or by implication, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, that a consumer cannot or should not contact or communicate with his or her lender or servicer.  16 C.F.R. § 322.3(a), recodified as Regulation O, 12 C.F.R. § 1015.3(a).

45.     The MARS Rule and Regulation O prohibit any mortgage assistance relief service provider from misrepresenting, expressly or by implication, any material aspect of any mortgage assistance relief service including, but not limited to, the following:

      a.    The likelihood of negotiating, obtaining, or arranging any represented service or result.  16 C.F.R. §322.3(b)(1), recodified as Regulation O, 12 C.F.R. § 1015.3(b)(1);

      b.    That a mortgage assistance relief service is affiliated with, endorsed or approved by, or otherwise associated with the government, or the maker, holder, or servicer of the consumer's dwelling loan. 16 C.F.R. § 322.3(b)(3), recodified as Regulation O, 12 C.F.R. § 1015.3(b)(3);

      c.    The terms or conditions of any refund, cancellation, exchange, or repurchase policy for a mortgage assistance relief service, including, but not limited to, the likelihood of obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted, for a mortgage assistance relief service.  16 C.F.R. § 322.3(b)(6), recodified as Regulation O, 12 C.F.R. § 1015.3(b)(6); or

      d.    That the consumer will receive legal representation.  16 C.F.R. § 322.3(b)(8), recodified as Regulation O, 12 C.F.R. § 1015.3(b)(8).

46.     The MARS Rule and Regulation O prohibit any mortgage assistance relief provider from making a representation, expressly or by implication, about the benefits, performance, or efficacy of any mortgage assistance relief service unless, at the time such representation is made, the provider possesses and relies upon competent and reliable evidence that substantiates that the representation is true.  16 C.F.R. § 322.3(c), recodified as Regulation O, 12 C.F.R. § 1015.3(c).

47.     The MARS Rule and Regulation O prohibit any mortgage assistance relief service provider from failing to disclose the following information in every consumer-specific commercial communication:

a.      "You may stop doing business with us at any time.  You may accept or reject the offer of mortgage assistance we obtain from your lender [or servicer].  If you reject the offer, you do not have to pay us.  If you accept the offer, you will have to pay us (insert amount or method for calculating the amount) for our services."  16 C.F.R. § 322.4(b)(1), recodified as Regulation O, 12 C.F.R. 1015.4(b)(1);

b.      "(Name of company) is not associated with the government, and our service is not approved by the government or your lender." 16 C.F.R. § 322.4(b)(2), recodified as Regulation O, 12 C.F.R. § 1015.4(b)(2); and

c.      In cases where the mortgage assistance relief service provider has represented, expressly or by implication, that consumers will receive any service or result, "[e]ven if you accept this offer and use our service, your lender may not agree to change your loan."  16 C.F.R. § 322.4(b)(3), recodified as Regulation O, 12 C.F.R. § 1015.4(b)(3).

48.     Pursuant to Section 626 of the Omnibus Act, as clarified by Section 511 of the Credit Card Act, and amended by Section 1097 of the Dodd-Frank Act, 12 U.S.C. § 5538, and pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the MARS Rule and Regulation O constitutes an unfair or deceptive act or

practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## Count III

49.    In numerous instances on or after January 31, 2011, in connection with providing, offering to provide, or arranging for others to provide mortgage assistance relief services, Defendants have requested or received payment of a fee or other consideration before the consumer has executed a written agreement between the consumer and the consumer's dwelling loan holder or servicer incorporating the offer of mortgage assistance relief the Defendants obtained from the consumer's dwelling loan holder or servicer.

50.    Defendants' practices as alleged in Paragraph 45 are unfair or deceptive acts or practices that violate Sections 322.5(a) of the MARS Rule, 16 C.F.R. § 322.5(a), and Regulation O, 12 C.F.R. § 1015.5(a).

## Count IV

51.    In numerous instances on or after December 29, 2010, in connection with the advertising, marketing, promoting, offering for sale, sale, or performance of mortgage assistance relief services, Defendants have represented, expressly or by implication, that a consumer cannot or should not contact or communicate with his or her lender or servicer.

52.    Defendants' practices as alleged in Paragraph 47 are unfair or deceptive acts or practices that violate Section 322.3(a) of the MARS Rule, 16 C.F.R. § 322.3(a), and Regulation O, 12 C.F.R. § 1015.3(a).

## Count V

53.    In numerous instances on or after December 29, 2010, in connection with providing, offering to provide, or arranging for others to provide any mortgage assistance relief service, Defendants have misrepresented, expressly or by implication, material aspects of those services, including, but not limited to:

a.     Defendants' likelihood of obtaining a modification of mortgage loans for consumers that will make their payments substantially more affordable;

b.     That a mortgage assistance relief service is affiliated with, endorsed or approved by, or otherwise associated with the government or the maker, holder, or servicer of the consumer's dwelling loan;

c.     The terms or conditions of any refund, cancellation, exchange, or repurchase policy for a mortgage assistance relief service, including, but not limited to, the likelihood of obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted, for a mortgage assistance relief service; or

d.     That the consumer will receive legal representation.

54.     Defendants' practices as alleged in Paragraph 49 are unfair or deceptive acts or practices that violate Sections 322.3(b)(1), (3), (6), and (8) of the MARS Rule, 16 C.F.R. § 322.3(b)(1), (3), (6), and (8) and Regulation O, 12 C.F.R. § 1015.3(b)(1), (3), (6), and (8).

## Count VI

55.     In numerous instances on or after December 29, 2010, in connection with providing, offering to provide, or arranging for others to provide any mortgage assistance relief service, Defendants have made representations, expressly or by implication, about the benefits, performance, or efficacy of their mortgage assistance relief services when, at the time such representations were made, the Defendants did not possess and rely upon competent and reliable evidence that substantiated that the representations were true, including, but not limited to, representations by Defendants that the vast majority of their clients obtain the solutions they contract for.

56.     Defendants' practices as alleged in Paragraph 51 are unfair or deceptive acts or practices that violate Section 322.3(c) of the MARS Rule, 16 C.F.R. § 322.3(c), and Regulation O, 12 C.F.R. 1015.3(c).

**Count VII**

57.   In numerous instances on or after December 29, 2010, in connection with providing, offering to provide, or arranging for others to provide any mortgage assistance relief service, Defendants have failed to disclose the following information, in a clear and prominent manner, in their consumer-specific commercial communications:

      a.   "You may stop doing business with us at any time.  You may accept or reject the offer of mortgage assistance we obtain from your lender [or servicer].  If you reject the offer, you do not have to pay us.  If you accept the offer, you will have to pay us (insert amount or method for calculating the amount) for our services;"

      b.   "(Name of company) is not associated with the government, and our service is not approved by the government or your lender;" and

      c.   "Even if you accept this offer and use our service, your lender may not agree to change your loan."

58.   Defendants' practices as alleged in Paragraph 53 are unfair or deceptive acts or practices that violate Sections 322.4(b)(1), (2), and (3) of the MARS Rule, 16 C.F.R. §§ 322.4(b)(1), (2), and (3), and Regulation O, 12 C.F.R. § 1015.4(b)(1), (2), and (3).

**CONSUMER INJURY**

59.    Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and the MARS Rule.  In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

# THE COURT'S POWER TO GRANT RELIEF

60.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.  The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

61.     Section 19 of the FTC Act, 15 U.S.C. § 57b, and Section 626 of the Omnibus Act, as clarified by Section 511 of the Credit Card Act, authorize this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the MARS Rule or Regulation O, including the rescission or reformation of contracts and the refund of money.

# PRAYER FOR RELIEF

Wherefore, Plaintiff Federal Trade Commission, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. 53(b) and 57b, the Omnibus Act, and the Court's own equitable powers, requests that the Court:

A.     Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action, and to preserve the possibility of effective final relief, including, but not limited to, preliminary injunctions;

B.     Enter a permanent injunction to prevent future violations of the FTC Act and the MARS Rule or Regulation O by Defendants;

C.     Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act and the MARS Rule or Regulation O, including, but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

1        D.    Award Plaintiff the costs of bringing this action, as well as such other and

2    additional relief as the Court may determine to be just and proper.

3

4    Dated: *September  18*    , 2012              Respectfully submitted,
5                                                 WILLARD K. TOM
                                                  General Counsel
6

7                                                 *Maxine R Stansell*
8                                                 _____
                                                  MAXINE R. STANSELL
9                                                 KATHRYN C. DECKER
                                                  Attorneys for Plaintiff
10                                                Federal Trade Commission

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 440 (Rev 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

Federal Trade Commission

$SEE$ $ATTACHED$

_____
Plaintiff(s)

v.

American Mortgage Consulting
Group, LLC, et al.

$SEE$ $ATTACHED$
_____
Defendant(s)

)
)
)
)
)
)
)
)
)
)
)
)

**SACV12 - 01561 DOC (JPRx)**

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Maxine R. Stansell
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**SEP 18 2012**

Date:

*CLERK OF COURT*

DS Inyman
**DODJIE LAGMAN**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .


I declare under penalty of perjury that this information is true.


Date: _____            _____
                                        *Server's signature*

                                 _____
                                        *Printed name and title*


                                 _____
                                        *Server's address*

Additional information regarding attempted service, etc:

1  | WILLARD K. TOM
   | General Counsel
2  | ROBERT J. SCHROEDER
   | Regional Director
3  | MAXINE R. STANSELL, WA BAR # 9418
   | mstansell@ftc.gov
4  | KATHRYN C. DECKER, WA BAR # 12389
   | kdecker@ftc.gov
5  | Federal Trade Commission
   | 915 Second Avenue, Suite 2896
6  | Seattle, WA  98174
   | (206) 220-4474 (Stansell)
7  | (206) 220-4486 (Decker)
   | (206) 220-6366 (fax)
8  | Local Counsel:
   | BARBARA CHUN, CA Bar # 186907
9  | bchun@ftc.gov
   | 10877 Wilshire Blvd., Suite 700
10 | Los Angeles, CA 90024
   | (310) 824-4312 (voice); (310) 824-4330 (fax)
11 | ATTORNEYS FOR PLAINTIFF

FILED

2012 SEP 18  AM 10: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

12 |
13 |       UNITED STATES DISTRICT COURT
   |     CENTRAL DISTRICT OF CALIFORNIA
   |           SOUTHERN DIVISION

14 |

| FEDERAL TRADE COMMISSION, | |
|---|---|
| Plaintiff, | Case No.   **SACV12 - 01561 DOC (JPRx)** |
| v. | |
| AMERICAN MORTGAGE CONSULTING GROUP, LLC, a California Limited Liability Company, also d.b.a. American Mortgage Group and American Mortgage Consulting; | **COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** [FILED UNDER SEAL] |
| HOME GUARDIAN MANAGEMENT SOLUTIONS, LLC, a California Limited Liability Company, also d.b.a. Home Guardian Solutions; and | |
| MARK NAGY ATALLA, d.b.a. Home Guardian Solutions, Home G Solutions Firm, and Home G Solutions Group, | |
| Defendants. | |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>FEDERAL TRADE COMMISSION | DEFENDANTS<br>AMERICAN MORTGAGE CONSULTING GROUP, LLC; HOME<br>GUARDIAN MANAGEMENT SOLUTIONS, LLC, MARK NAGY ATALLA |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Maxine Stansell, Federal Trade Comm'n, 915 Second Ave., Suite 2896, Seattle, WA 98174, 206-220-4474; Kathryn C. Decker, Federal Trade Comm'n, 915 Second Ave., Suite 2896, Seattle, WA 98174, 206-220-4486 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of Section 5(a) of the FTC Act, 15 U.S.C. Section 45(a), and 16 C.F.R. Part 322 (Mortgage Assistance Relief Services Rule)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Act<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Info Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise<br>**REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Fed. Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury-Med Malpractice<br>☐ 365 Personal Injury-Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus-Alien Detainee<br>☐ 465 Other Immigration Actions | PERSONAL PROPERTY<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability<br>**BANKRUPTCY**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 445 American with Disabilities - Employment<br>☐ 446 American with Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus/ Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>**FORFEITURE / PENALTY**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety /Health<br>☐ 690 Other | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 |

SACV12 - 01561 DOC (JPRx)

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All defendants reside in Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Nationwide | Nationwide |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Marnie R. Stinsell*    Date *September 18, 2012*

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1561 DOC (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = — — — = = = = = = = = = = = = = = = = = = = = — — — — = = = = .

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY