DAVID SHONKA
Acting General Counsel
ROBERT J. SCHROEDER
Regional Director
MAXINE R. STANSELL, WA BAR # 9418
mstansell@ftc.gov
KATHRYN C. DECKER, WA BAR # 12389
kdecker@ftc.gov
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174
(206) 220-4474 (Stansell)
(206) 220-4486 (Decker)
(206) 220-6366 (fax)
Local Counsel:
BARBARA CHUN, CA Bar # 186907
bchun@ftc.gov
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
(310) 824-4312 (voice); (310) 824-4330 (fax)
ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MORTGAGE CONSULTING GROUP, LLC, *et al.*,<br><br>Defendants. | Case No. SACV12-01561 DOC (JPRx)<br><br>STIPULATION BY ALL PARTIES TO ENTRY OF FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND EQUITABLE RELIEF |

Plaintiff Federal Trade Commission ("FTC" or "Commission") commenced this civil action on September 18, 2012, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the 2009 Omnibus Appropriations Act, Pub. L. No. 111-8, § 626, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and Disclosure Act of 2009, Pub. L. No. 111-24, § 511, 123 Stat. 1734, 1763-64 (May 22, 2009) ("Credit Card Act"), and amended by the Dodd-

1   Frank Wall Street Reform and Consumer Financial Protection Act, Pub. L. No.

2   111-203, § 1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank Act"),

3   12 U.S.C. § 5538, to obtain preliminary and permanent injunctive and other

4   equitable relief for Defendants' alleged violations of Section 5(a) of the FTC Act,

5   15 U.S.C. § 45(a), and the Mortgage Assistance Relief Services Rule ("MARS

6   Rule"), 16 C.F.R. Part 322, recodified as Mortgage Assistance Relief Services,

7   12 C.F.R. Part 1015 ("Regulation O"), in connection with the marketing and sale

8   of mortgage assistance relief services.

9        The FTC and Defendants American Mortgage Consulting Group, LLC,

10   Home Guardian Management Solutions, LLC, and Mark Nagy Atalla (collectively

11   "Defendants") hereby stipulate to the entry of this Final Judgment and Order For

12   Permanent Injunction and Other Equitable Relief ("Order").

13                              **FINDINGS**

14        By stipulation of the parties and being advised in the premises, the Court

15   finds:

16        1.     This is an action by the FTC instituted under Sections 13(b) and 19 of

17   the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and Section 626 of the Omnibus Act as

18   clarified by Section 511 of the Credit Card Act.  The Complaint seeks both

19   permanent injunctive relief and equitable monetary relief for Defendants' alleged

20   deceptive acts or practices as alleged therein.

21        2.     The FTC has authority under Sections 13(b) and 19 of the FTC Act to

22   seek the relief it has requested, and the Complaint states a claim upon which relief

23   may be granted against Defendants.

24        3.     This Court has jurisdiction over the subject matter of this case and

25   has jurisdiction over Defendants.  Venue in the Central District of California is

26   proper.

27        4.     The activities of Defendants, as alleged in the Complaint, are in or

28   affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.      Defendants waive: (a) any right to seek judicial review or otherwise challenge or contest the validity of this Order; (b) any claim that they may have against the Commission, its employees, representatives or agents; (c) any claim under the Equal Access to Justice Act, 28 U.S. C. § 2412, amended by Pub. L. 104-21, 110 Stat. 847, 863-64 (1996); and (d) any right to attorneys' fees that may arise under said provision of law.  The Commission and Defendants shall each bear their own costs and attorneys' fees incurred in this action.

6.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

7.      This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

8.      Entry of this Order is in the public interest.

9.      This Order resolves all issues between the Commission and the Defendants raised in the Commission's Complaint.

10.     Defendants have entered into this Order freely and without coercion. Defendants acknowledge that they have read the provisions of this Order, understand them, and are prepared to abide by them.

## ORDER

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.      "Asset" or "Assets" means any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property of any Defendant, or held for the benefit of any Defendant, wherever located, whether in the United States or abroad, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits,

receivables (as those terms are defined in the Uniform Commercial Code), cash, and trusts, including, but not limited to, any trust held for the benefit of any Defendant, the Individual Defendant's minor children, if any, or the Individual Defendant's spouse, if any, and shall include both existing assets and assets acquired after the date of entry of this Order.

2.     "Assisting others" includes, but is not limited to:

      a.     Performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

      b.     Formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

      c.     Formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including, but not limited to, web or Internet protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

      d.     Providing names of, or assisting in the generation of, potential customers;

      e.     Performing marketing, billing, or payment services of any kind; and

      f.     Acting or serving as an owner, officer, director, manager, or principal of any entity.

3.     "Competent and reliable evidence" means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that have been conducted and evaluated in an objective manner by

individuals qualified to do so, using procedures generally accepted in the
profession to yield accurate and reliable results.

4.    "Consumer" means any natural person.

5.    "Customer" means any person who has paid, or may be required to
pay, for products, services, plans, or programs offered for sale or sold by any other
person.

6.    "Debt relief product or service" means any product, service, plan, or
program represented, expressly or by implication, to renegotiate, settle, or in any
way alter the terms of payment or other terms of the debt or obligation, between a
person and one or more unsecured creditors or debt collectors, including, but not
limited to, a reduction in the balance, interest rate, or fees owed by a person to an
unsecured creditor or debt collector.

7.    "Defendants" means the Individual Defendant and all of the
Corporate Defendants, individually, collectively, or in any combination.

      a.    "Corporate Defendants" means American Mortgage Consulting
Group, LLC, also d.b.a. American Mortgage Group and d.b.a.
American Mortgage Consulting; and Home Guardian
Management Solutions, LLC, also d.b.a. Home Guardian
Solutions, and their successors, assigns, affiliates, or
subsidiaries, and each of them by whatever names each might
be known.

      b.    "Individual Defendant" means Mark Nagy Atalla, also d.b.a.
Home Guardian Solutions, Home G Solutions Firm, and Home
G Solutions Group, and any other names by which he might be
known.

8.    "Document" is synonymous in meaning and scope to the usage of the
terms in Rule 34(a) of the Federal Rules of Civil Procedure and includes writings,
drawings, graphs, charts, photographs, audio and video recordings, computer

records, and other data compilations from which the information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate copy within the meaning of the term.

9.     "Federal homeowner relief or financial stability program" means any program (including its sponsoring agencies, telephone numbers, and Internet websites) operated or endorsed by the United States government to provide relief to homeowners or stabilize the economy, including, but not limited to:

       a.     The Making Home Affordable Program;

       b.     The Financial Stability Plan;

       c.     The Troubled Asset Relief Program and any other program sponsored or operated by the United States Department of Treasury;

       d.     The HOPE for Homeowners Program, any program operated or created pursuant to the Helping Families Save Their Homes Act, and any other program sponsored or operated by the Federal Housing Administration; and

       e.     Any program sponsored or operated by the United States Department of Housing and Urban Development ("HUD"), the HOPE NOW Alliance, the Homeownership Preservation Foundation, or any other HUD-approved housing counseling agency.

10.    "Financial institution" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

11.    "Financial related product or service" means any product, service, plan, or program represented, expressly or by implication, to:

**STIPULATION TO ENTRY OF FINAL JUDGMENT - Page 6**

a.   Provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debt, or stored value cards;

b.   Improve, or arrange to improve, any consumer's credit records, credit history, or credit rating;

c.   Provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating;

d.   Provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving a loan or other extension of credit; or

e.   Provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of any debt or obligation (other than a debt or obligation secured by a mortgage on a consumer's dwelling), including, but not limited to, a tax debt or obligation, between a consumer and one or more secured creditors, servicers, or debt collectors.

12.   "Material fact" means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

13.   "Mortgage assistance relief service" means any product, service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

a.   Stopping, preventing, or postponing any mortgage or deed of trust foreclosure sale for the consumer's dwelling, any

**STIPULATION TO ENTRY OF FINAL JUDGMENT - Page 7**

repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession;

b.     Negotiating, obtaining, or arranging a modification of any term of a dwelling loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

c.     Obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan;

d.     Negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a dwelling loan, (ii) reinstate his or her dwelling loan, (iii) redeem a dwelling, or (iv) exercise any right to reinstate a dwelling loan or redeem a dwelling;

e.     Obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling; or

f.     Negotiating, obtaining, or arranging (i) a short sale of a dwelling, (ii) a deed-in-lieu of foreclosure, or (iii) any disposition of a dwelling other than a sale to a third party who is not the dwelling loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's mortgage or home loan application.

24.    "Person" means any natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

**STIPULATED FINAL JUDGMENT AND ORDER - Page 8**

## I. BAN ON MORTGAGE ASSISTANCE RELIEF PRODUCTS AND SERVICES

**IT IS THEREFORE ORDERED** that Defendants, whether acting directly or through any other person, are permanently restrained and enjoined from:

    A.    Advertising, marketing, promoting, offering for sale, or selling any mortgage assistance relief product or service; and

    B.    Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any mortgage assistance relief product or service.

## II. BAN ON DEBT RELIEF PRODUCTS AND SERVICES

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or through any other person, are permanently restrained and enjoined from:

    A.    Advertising, marketing, promoting, offering for sale, or selling any debt relief product or service; and

    B.    Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any debt relief product or service.

## III. PROHIBITED MISREPRESENTATIONS REGARDING FINANCIAL RELATED PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any financial related product or service, are permanently restrained and enjoined from:

    A.    Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

1.   The terms or rates that are available for any loan or other extension of credit, including, but not limited to:

    a.   Closing costs or other fees;

    b.   The payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding balance; the loan term, the draw period, or maturity; or any other term of credit;

    c.   The savings associated with the credit;

    d.   The amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

    e.   Whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

    f.   That the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

    g.   That the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

2.   Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

**STIPULATION TO ENTRY OF FINAL JUDGMENT - Page 10**

3.     That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete; and

4.     That a consumer will receive legal representation; and

B.     Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

## IV.   PROHIBITED MISREPRESENTATIONS REGARDING ANY PRODUCT OR SERVICE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

A.     Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.     That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; federal

homeowner relief or financial stability program; public, nonprofit, or other noncommercial program; or any other program;

C.    The total costs to purchase, receive, or use, or the quantity of, the product or service;

D.    Any material restriction, limitation, or condition on purchasing, receiving, or using the product or service; and

E.    Any material aspect of the performance, efficacy, nature, or characteristics of the product or service.

## V. SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product or service are permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any product or service, unless, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that substantiates that the representation is true.

## VI. PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or

**STIPULATION TO ENTRY OF FINAL JUDGMENT - Page 12**

through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from:

    A.    Disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, Social Security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with the marketing and sale of mortgage assistance relief services;

    B.    Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order.  Disposal shall be by means that protect against the unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII.   MONETARY JUDGMENT AND SUSPENSION

    **IT IS FURTHER ORDERED** that:

    A.    Judgment in the amount of $514,910 is entered in favor of the Commission and against Defendants, jointly and severally, as equitable monetary relief.

    B.    The judgment is suspended, subject to the Subsections below.

    C.    Defendants shall relinquish and turn over to the Receiver, Robb Evans & Associates, LLC, through the Deputy Receiver, Brick Kane, within five (5) days of entry of this Order, all dominion, control, and

**STIPULATION TO ENTRY OF FINAL JUDGMENT - Page 13**

title to the following items referenced by Defendant Mark Nagy Atalla on the Financial Statement of Individual Defendant, provided to counsel for the Commission on or about November 21, 2012: (1) the 2012 Lance Cali Classic scooter (Item 21); and (2) the watch (Item 20).

D.   All property listed in Paragraph VII.C is deemed to be, and is decreed to be as of the date of this Final Order, assets of the Receivership Estate, to be disposed of by the Receiver subject to the terms of this Final Order.  Effective as of the date of this Final Order, none of the Defendants shall have any right, title or interest in any of such property.  Defendant Atalla and all other Defendants shall cooperate with the Receiver by signing, upon the Receiver's request, any documents deemed necessary by the Receiver or its counsel to complete or confirm the transfers effectuated by this Paragraph.

E.   Within a reasonable time, the Receiver shall sell or liquidate the Receivership Estate and all assets transferred to the Receiver pursuant to this section by public or private sale to any interested bona fide third-party buyer for value, who is not a Defendant herein.

F.   Defendants shall sell the 2005 Bentley Continental GT 2-Door Coupe (Item 21 referenced by Defendant Mark Nagy Atalla on the financial Statement of Individual Defendant, provided to counsel for the Commission on or about November 21, 2012), and office furniture and equipment (referenced by Defendant American Mortgage Consulting Group in its supplemental documentation provided to counsel for the Commission on or about January 18, 2013), and shall:

1.   provide full details of the proposed transaction to the Receiver, including the name and address of the prospective buyer, the

STIPULATION TO ENTRY OF FINAL JUDGMENT - Page 14

full price to be paid, and, with respect to the Bentley, the payoff amount to Wells Fargo Dealer Services;

2.   obtain the Receiver's approval prior to completion of the sale;

3.   with respect to the office furniture and equipment, turn over the entire proceeds of the sale to the Receiver; and

4.   with respect to the 2005 Bentley, turn over to the Receiver any proceeds in excess of the amount owed and paid to Wells Fargo Dealer Services.

G.   Neither the Receiver nor any Defendant shall be required to seek or obtain any further court order or approval with respect to the sale of these assets.  All proceeds recovered under the sales, net of reasonable fees and expenses (including reasonable Receiver's and attorneys' fees and expenses) incurred in connection with the sales and any other liabilities required to be paid consistent with the terms of such sales, shall be treated in the manner described below in this Section VII.  Proceeds from the Receiver's and the Defendants' sales of these assets shall be paid to the Commission pursuant to this Order, and shall be credited against the amount of the judgment owed by all Defendants as set forth in Paragraph VII.A, ***provided,*** that the Receiver may deduct and pay therefrom all Receivership administrative expenses and its costs and fees, including attorneys' fees and costs, as approved by the Court.

H.   The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

**STIPULATION TO ENTRY OF FINAL JUDGMENT - Page 15**

1.     the Financial Statement of Individual Defendant Mark Nagy Atalla signed on November 21, 2012;

2.     the Financial Statements of Corporate Defendants American Mortgage Consulting Group, LLC, and Home Guardian Management Solutions, LLC, signed by Defendant Mark Nagy Atalla on November 21, 2012; and

3.     the additional documentation, revising and supplementing the prior Financial Statements, signed by Defendant Mark Nagy Atalla on January 18, 2013.

I.     The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds (1) that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above, or (2) that Defendant is in default on any obligation under this Section VII.

J.     If the suspension of the judgment is lifted, the judgment becomes immediately due in the amount specified in Paragraph A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

K.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining

**STIPULATION TO ENTRY OF FINAL JUDGMENT - Page 16**

money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Paragraph.

L. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

M. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

N. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

O. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## VIII. PROHIBITION ON COLLECTING ON ACCOUNTS

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or through any person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, are

**STIPULATION TO ENTRY OF FINAL JUDGMENT - Page 17**

permanently restrained and enjoined from attempting to collect, collecting, or
assigning any right to collect payment from any consumer who purchased or
agreed to purchase any Defendant's mortgage assistance relief service.

**IX.     RECEIVERSHIP**

    **IT IS FURTHER ORDERED** that the appointment of Robb Evans &
Associates, LLC, as Receiver over the Corporate Defendants, pursuant to the
Temporary Restraining Order entered on September 18, 2012, and the Preliminary
Injunction entered on October 1, 2012, is continued in full force and effect except
as modified by this Section.  The Receiver shall complete liquidation of all assets
of the Receivership Estate, including all assets of the Corporate Defendants.  Upon
liquidation of the assets of the Receivership Estate, including assets of the
Corporate Defendants, the Receiver shall submit its final report and application for
fees and expenses, and upon approval of the same by the Court, shall pay any
remaining funds to the FTC after payment of all outstanding Receivership
expenses and approved Receiver's and attorneys' fees and costs.  Upon the
Court's approval of the Receiver's final report, payment of Receivership expenses,
and the payment of any remaining funds to the FTC under this Section, the
Receivership over Corporate Defendants shall be terminated.

**X.     DISSOLUTION OF ASSET FREEZE**

    **IT IS FURTHER ORDERED** that the freeze on the assets of Defendants
shall remain in effect until the Defendants have taken all of the actions required by
Section VII above.  Once Defendants have fully complied with the requirements of
Section VII, the freeze against the assets of Defendants shall be lifted
permanently.  A financial institution shall be entitled to rely upon a letter from
Plaintiff stating that the freeze on the assets of Defendants has been lifted.

## XI.   ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.   Each Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury;

B.   For five (5) years after entry of this Order, Individual Defendant, for any business that he individually or collectively with any Defendant, is the majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur with seven (7) days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities; and

C.   From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## XII.   COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.   One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.   Each Defendant must: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to

communicate with Defendant; (b) identify all of that
Defendant's businesses by all of their names, telephone
numbers, and physical, postal, email, and Internet addresses;
(c) describe the activities of each business, including the
products and services offered, the means of advertising,
marketing, and sales, and the involvement of any other
Defendant (which Individual Defendant must describe if he
knows or should know due to his own involvement);
(d) describe in detail whether and how that Defendant is in
compliance with each Section of this Order; and (e) provide a
copy of each Order Acknowledgment obtained pursuant to this
Order, unless previously submitted to the Commission; and

2.      Additionally, Individual Defendant must: (a) identify all
telephone numbers and all email, Internet, physical, and postal
addresses, including all residences; (b) identify all titles and
roles in all business activities, including any businesses for
which such Defendant performs services whether as an
employee or otherwise and any entity in which such Defendant
has any ownership interest; and (c) describe in detail
Defendant's involvement in each such business, including title,
role, responsibilities, participation, authority, control, and any
ownership;

B.      For ten (10) years following entry of this Order, each Defendant must
submit a compliance notice, sworn under penalty of perjury, within
fourteen (14) days of any change in the following:

1.      Each Defendant must report any change in: (a) any designated
point of contact; (b) the structure of any Corporate Defendant
or any entity that Defendant has any ownership interest in or

directly or indirectly controls that may affect compliance
obligations arising under this Order, including: creation,
merger, sale, or dissolution of the entity or any subsidiary,
parent, or affiliate that engages in any acts or practices subject
to this Order;

2.   Additionally, Individual Defendant must report any change in:
(a) name, including aliases or fictitious names, or residence
address; or (b) title or role in any business activity, including
any business for which such Defendant performs services
whether as an employee or otherwise and any entity in which
such Defendant has an ownership interest, and identify its
name, physical address, and Internet address, if any;

C.   Each Defendant must submit to the Commission notice of the filing of
any bankruptcy petition, insolvency proceeding, or any similar
proceeding by or against such Defendant within fourteen (14) days of
its filing;

D.   Any submission to the Commission required by this Order to be
sworn to under penalty of perjury must be true and accurate and
comply with 28 U.S.C. § 1746, such as by concluding: "I declare
under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct. Executed on:___" and
supplying the date, signatory's full name, title (if applicable), and
signature; and

E.   Unless otherwise directed by a Commission representative in writing,
all submissions to the Commission pursuant to this Order must be
emailed to Debrief@ftc.gov or sent by overnight courier (not U.S.
Postal Service) to: Associate Director for Enforcement, Bureau of
Consumer Protection, Federal Trade Commission, 600 Pennsylvania

Avenue, NW, Washington, DC 20580.  The subject line must begin: *FTC v. American Mortgage Consulting Group, LLC, et al.*, No. X120052.

## XIII. RECORD KEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for ten (10) years after entry of this Order, and retain each such record for five (5) years.  Specifically, each Corporate Defendant and each Individual Defendant for any business of which that Defendant, individually or collectively with any other Defendant, is a majority owner or directly or indirectly controls, must maintain the following records:

A. Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, address, and telephone numbers; job title or position; the dates of service; and, if applicable, reason for termination;

C. Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A copy of each advertisement or other marketing material related to the marketing of any financial good or service.

## XIV. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which the judgment was suspended:

**STIPULATION TO ENTRY OF FINAL JUDGMENT - Page 22**

A.  Within fourteen (14) days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that Defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order including one or more of the protections set forth in Rule 26(c).

B.  For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.   The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XV.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for all purposes of construction, modification, and enforcement of this Order.

SO STIPULATED AND AGREED:

1

2

3

4    MAXINE R. STANSELL
     KATHRYN C. DECKER
     Attorneys for Plaintiff
5    Federal Trade Commission
     915 Second Avenue, Suite 2896
6    Seattle, WA 98174
     (206) 220-4474 (Stansell)
7    (206) 220-4486 (Decker)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARC Y. LAZO
Attorney for Defendants
BP Law Group, LLP
8815 Research Drive, Suite 200
Irvine, CA 92618
(949) 333-0178

MARK NAGY ATALLA
Individually and as owner and member
of American Mortgage Consulting
Group, LLC, and Home Guardian
Management Solutions, LLC